IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MARCUS VINCENT BELL | § | |
| VS. | § | CIVIL ACTION NO. 1:09cv766 |
| LIBERTY COUNTY, TEXAS | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Marcus Vincent Bell, proceeding *pro se*, filed the above-styled lawsuit pursuant to 42
U.S.C. § 1983 against Liberty County, Texas. The court referred this matter to the Honorable
Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant
to applicable orders of this court. The magistrate judge has submitted a Report and
Recommendation of United States Magistrate Judge recommending that this matter be dismissed
for failure to state a claim upon which relief may be granted.

The court has received and considered the Report and Recommendation of United States
Magistrate Judge, along with the records, pleadings and all available evidence. Plaintiff filed
objections to the Report and Recommendation. The court must therefore conduct a *de novo*
review of the objections.

Plaintiff alleges that while he was incarcerated in the Liberty County Jail, he had to sleep
on the floor because there was not a sufficient number of beds. He states he suffered third degree
burns when another inmate tripped and spilled hot water on him and that he did not receive
proper medical care for his injury. The magistrate judge concluded plaintiff had failed to allege
sufficient facts to establish that Liberty County should be held responsible for the actions of jail
personnel.

In his objections, plaintiff states a municipality can be held liable for the acts of its
employees under Sections 1983 if it can be shown that the violations of a plaintiff's
constitutional rights was caused either by a policy or custom of the municipality or the failure by
policy makers to take certain actions such a properly training employees. Plaintiff states he has

pled sufficient facts to establish a right to recovery under one of the two theories of liability set forth in the preceding sentence.

In *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978), the Supreme Court held that a governmental entity can be found liable under Section 1983 only if the entity itself causes the constitutional violation at issue. Respondeat superior or vicarious liability is not a basis for recovery under Section 1983. *Collins v. City of Shaker Heights*, 503 U.S. 115, 122-23 (1992). Thus, to recover a judgment against a local governmental entity under Section 1983, a plaintiff must establish that he sustained a deprivation of a constitutional right as a result of some official policy, practice, or custom of that governmental entity. *Board of County Commissioners v. Brown*, 520 U.S. 397, 403-04 (1997). It is only where the execution of the government's policy or custom inflicts the injury that the governmental entity may be held liable. *Id*. at 403.

An official policy is most commonly defined as a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy making authority. *Baltazar v. Homles*, 162 F.3d 368, 377 (5th Cir. 1998). A municipal policy must be a "deliberate and conscious choice" by a municipal policymaker. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). An official "custom" or "practice" is most commonly defined as "[a] persistent, widespread practice of municipal officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom which fairly represents municipal policy. Actual or constructive knowledge of such custom or practice must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy making authority." *Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 92 (5th Cir. 1992).

A municipality may be held liable under Section 1983 for failing to adopt a policy when that failure rises to the level of "deliberate indifference" to the need for such a policy. Under this test, a governmental entity can be held liable if, in the light of the duties assigned to specific officers or employees, the need for such a policy is obvious, and the absence of such a policy so

likely to result in violations of constitutional rights, that the governmental entity's policymakers can reasonably be said to have been "deliberately indifferent" to the need for the policy. *Harris*, 489 U.S. at 389. Mere negligence by policymakers in the face of unconstitutional behavior by municipal employees is insufficient to establish municipal liability under Section 1983. Furthermore, the municipality must be the moving force behind the resulting constitutional violation. *Brown*, 520 U.S. at 415.

Municipal liability may also be based on the municipality's failure to train its employees. To establish such a claim, a plaintiff must show the training procedures of the municipality's policymaker were inadequate, the municipality's policymaker was deliberately indifferent in adopting the training policy, and that the inadequate training policy directly caused the plaintiff's injuries. *Baker v. Putnal*, 75 F.3d 190, 200 (5th Cir. 1996). In failure to train cases, the plaintiff can prove the existence of a custom or policy of deliberate indifference to individual's rights in two ways. First, he can show that a municipality deliberately or consciously chose not to train its officers despite being on notice that its current training regimen had failed to prevent tortious conduct by its officers. *Brown*, 520 U.S. at 407-08. Second, under the "single incident exception," a single violation of federal rights may be sufficient to prove deliberate indifference. *Id.*, at 409. The single incident exception require proof of the possibility of recurring situations that present an obvious violation of constitutional rights and the need for additional or different training. *Id.* However, the United States Court of Appeals for the Fifth Circuit has stressed that a single incident is usually insufficient to demonstrate deliberate indifference. *Gabriel v. City of Plano*, 202 F.3d 741, 745 (5th Cir. 2000) ("We have consistently rejected application of the single incident exception and have noted that 'proof of a single violent incident ordinarily is insufficient to hold a municipality liable for inadequate training,'"). (quoting *Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998)). Rather, the "plaintiff must demonstrate 'at least a pattern of similar incidents in which the citizens were injured ... to establish the official policy requisite to municipal liability under Section 1983.'" *Snyder*, 142 F.3d at 798. Moreover, a showing of deliberate indifference requires the plaintiff to show "that the failure to train reflects a

'deliberate' or 'conscious' choice to endanger constitutional rights." *Id*., at 799.

As the magistrate judge stated, a complaint may be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). What is lacking in plaintiff's pleadings are any factual allegations which would indicate that his injuries are the result of a custom or policy adopted with deliberate indifference on the part of Liberty County or that Liberty County improperly trained jail personnel. He has not stated facts that would establish either that Liberty County was on notice that its failure to properly train jail personnel was resulting in the violation of constitutional rights or that he is entitled to recover under the single incident theory. Even when plaintiff's pleadings are construed in the most liberal manner, the pleadings do not include sufficient factual allegations "to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. As a result, the court must conclude plaintiff's objections are without merit.

ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered dismissing this lawsuit.

**SIGNED** this the 14 day of **June, 2011.**


_____
Thad Heartfield
United States District Judge